## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

ANTONIA TARPLEY, individually, and on behalf of all others similarly situated,

     Plaintiff,

v.

CASH LINK USA, LLC,  and JOHN DOES 1-10,

     Defendants.

Case No. 3:23-cv-00233

## CLASS ACTION COMPLAINT

**NOW COMES** ANTONIA TARPLEY ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of CASH LINK USA, LLC ("Defendant") and JOHN DOES 1-10, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*

2.    "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.    As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5.      Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. §1367.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Hutchins, Texas.

8.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.      Defendant is a limited liability company that is in the business of extending short-term sub-prime loans to consumers.

10.     Defendant maintains its principal place of business in Kansas City, Missouri.

11.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12.     JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect past due accounts. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

13.     At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents John Does 1-10.

2

## FACTUAL ALLEGATIONS

12.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9092.

13.     At all times relevant, Plaintiff's number ending in 9092 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15.     In or around April 2022, Plaintiff obtained a personal loan from Defendant in the amount of $500 ("subject loan").

16.     In June 2022, due to financial hardship, Plaintiff missed her first payment on the subject loan.

17.     Immediately upon missing a payment, Defendant began placing daily collection calls to Plaintiff's cellular phone.

18.     In July 2022, fed up with the harassing collection calls, Plaintiff answered one of Defendant's collection calls and requested that Defendant cease its collection calls.

19.     Despite Plaintiff's request that the collection calls cease, Defendant continued harassing Plaintiff with daily collection calls.

20.     In some of the calls that Plaintiff did not answer, Defendant would leave the following prerecorded voicemail message on Plaintiff's cellular phone:

> "We are calling from Cash Link USA in regards to an important message regarding your account. Please contact our office at 800-208-3380."

21.     The aforementioned message would play twice before disconnecting.

22. It was clear to Plaintiff that all of Defendant's voicemails utilized an artificial and/or prerecorded voice ("robocalls") because: (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voice in the voicemails was monotone and was conspicuously not the voice of a live representative; (4) the caller never identified themselves by name;  (5) none of Defendant's voicemails identified Plaintiff by name; and (6) all voicemails directed Plaintiff to call a toll-free number to speak to an unidentified representative.

23. From July 2022 through the present, Defendant placed no less than fifty (50) collection calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

24. From July 2022 through the present, Defendant left no less than twenty-five (25) prerecorded voicemail messages on Plaintiff's cellular phone.

25. Plaintiff had no choice but to submit to Defendant's harassing collection calls.

26. All of Defendant's collection calls were placed from the phone number (469) 718-2276.

27. Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

## DAMAGES

28. Defendant's incessant collection calls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including: aggravation that accompanies unwanted collection calls, increased risk of personal injury resulting from the distraction caused by the collection calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

4

29.     Moreover, each time Defendant placed an unwanted collection call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

30.     Due to Defendant's refusal to honor Plaintiff's request(s) to cease contact with her, Plaintiff was forced to retain counsel and file this action to compel Defendant to cease its unlawful collection calls.

## CLASS ALLEGATIONS

31.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf (John Does 1-10) placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this Complaint through the date of class certification.

33.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

## A.       Numerosity

34.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

35.     The exact number of the members of the Putative Class is unknown to Plaintiff's at this time and can only be determined through targeted discovery.

36.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

37.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

## B.       Commonality and Predominance

38.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

39.     Those questions predominate over any questions that may affect individual members of the Putative Class.

## C.       Typicality

40.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

## D.       Superiority and Manageability

41.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

44.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

45.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

47.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I:**</u>
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiffs and the Members of the Putative Class)**

48.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

49.     Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

7

50.    Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing dozens of unwanted collection calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

51.    As pled above, Defendant used an artificial or prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

52.    As pled above, Defendant did not have consent to place calls to Plaintiff's cellular phone as Plaintiff requested that Defendant cease its calls.

53.    Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

54.    Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

55.    As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, request the following relief:

a.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b.    a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c.    an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

d.    an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violating call;

8

e.    an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each violating call; and

f.    any further relief as this Court deems just and proper.

## COUNT II:
### Texas Debt Collection Act (Tex. Fin. Code Ann. §392 *et seq.*)
### (Plaintiff Individually)

56.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57.    Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

58.    Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

59.    The subject loan is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.    Violations of § 392.302(4) of the TDCA**

60.    Section § 392.302(4) of the TDCA prohibits a debt collector from oppressing, harassing, or abusing a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

61.    Defendant violated § 392.302(4) of the TDCA by continuing to place harassing collection calls to Plaintiff after Plaintiff requested that Defendant cease its collection calls.

62.    Defendant's refusal to cease its collection calls despite Plaintiff's request(s) that the calls cease demonstrates Defendant's intent to harass Plaintiff.

63.    Defendant's unwanted collection calls were inherently harassing and resulted in injury to Plaintiff.

**b.    Violations of § 392.304(19) of the TDCA**

9

64.     Section 392.304(19) of the TDCA prohibits a debt collector from using any false representation or deceptive means to collect a debt. Tex. Fin. Code Ann. § 392.304(19).

65.     Defendant violated Section 392.304(19) of the TDCA by implicitly and falsely representing to Plaintiff, through its conduct, that its unwanted calls were lawful and that Plaintiff had no choice but to submit to Defendant's harassing calls.

66.     Defendant's implicit representations were false because Defendant's harassing collection calls are explicitly prohibited by the TDCA and therefore Defendant had no legal right to harass Plaintiff with daily unwanted collection calls.

67.     As pled above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated the TDCA;

B.      an order enjoining Defendant from placing further unlawful collection calls to Plaintiff's cellular phone pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.      an award of actual damages;

D.      an award of reasonable attorney's fees and costs; and

E.      any further relief this Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 31, 2023                                Respectfully submitted,

                                                      **ANTONIA TARPLEY**

                                                      */s/ Mohammed O. Badwan*
                                                      Mohammed O. Badwan
                                                      **SULAIMAN LAW GROUP, LTD.**
                                                      2500 South Highland Avenue
                                                      Suite 200
                                                      Lombard, Illinois 60148
                                                      (630) 575-8180
                                                      mbadwan@sulaimanlaw.com

11